IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL BRAUN,<br><br>Plaintiff,<br><br>v.<br><br>PRIMARY DISTRIBUTOR DOE NUMBER 1 AND DEFENDANT DOES 2 THROUGH 92,<br><br>Defendants. | Case No.: 12-4104 YGR (JSC)<br><br>**ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE EARLY DISCOVERY** (Dkt. No. 4) |

This case is one of several "mass copyright" cases filed in this District against hundreds of doe defendants accused of using BitTorrent technology to illegally download copyrighted files from the Internet. Plaintiff seeks limited discovery *ex parte* under Federal Rules of Civil Procedure 26(d) and 45 in order to discover the identities of the ninety-two Doe Defendants named in this suit. (Dkt. No. 4.) Plaintiff has filed identical complaints and motions in his related cases. *See* Case Nos. 12-3690, 12-4102, 12-4103, 12-4105. The motion was referred to this Magistrate Judge for decision. (Dkt. No. 6.) For the reasons explained below, Plaintiff's application is GRANTED.

**BACKGROUND**

Plaintiff is an individual doing business as Axel Braun Productions, which produces adult entertainment products. (Dkt. No. 1-1 at ¶¶ 9-10.) Plaintiff is the co-producer and co-claimant of the copyright for the contested motion picture: *Star Wars XXX: A Porn Parody* (the "Motion Picture"). (Dkt. No. 1-1 at ¶ 32.) This film was registered by Plaintiff with the Copyright Office and assigned the registration number PA 1-787-699. (Dkt. No. 1-1 at ¶ 32.)

Plaintiff alleges that Primary Distributor Doe Number One and Does Two through Ninety-Two (collectively "Defendants") used BitTorrent, an Internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Dkt. No. 1-1 at ¶¶ 33-34.) Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, Primary Distributor Doe Number One engaged in contributory infringement, and all Defendants are jointly and severally liable for Plaintiff's injuries. (Dkt. No. 1-1 at ¶¶ 44-45.)

The disputed file sharing begins with P2P networks, which are "computer systems that enable Internet users to make files on their computers available to others, search for files stored on other users' computers, and transfer exact copies of files from one computer to another via the Internet." (Dkt. No. 4-1 at ¶ 7.) BitTorrent is a type of P2P protocol which "makes even small computers with low bandwidth capable of participating in large data transfers across a P2P network". (Dkt. No. 4-1 at ¶ 7.) This process plays out as follows:

> "in a process called "seeding" an initial file-provider shares a file with P2P networks. Other users ("peers") on the network connect to the seed file to download. Each new file downloader receives a different piece of data from each user who has already downloaded the file that together comprises the whole. This piecemeal system with multiple pieces of data coming from different peer members is called a "swarm." As new peers request the same file, each new peer becomes a part of the network and the peers offer parts of the file stored on their computers to other peers. This means that every "node" or peer who has a copy of the infringing copyrighted material also becomes a source of download for that infringing file."

(Dkt. No. 4-1 at ¶ 8.)

Plaintiff retained the services of Media Protector International GmbH ("MPI"), a technology company that specializes in P2P content detection and user identification to locate

1  infringing copies of Plaintiff's works on P2P networks. (Dkt. No. 4-1 at ¶ 2.) MPI identified and
2  documented the internet protocol ("IP") addresses from which individuals connected to the
3  Internet, as well as the date and time the individuals used the IP addresses to share files on the
4  P2P network. (Dkt. No. 4-1 at ¶ 16.) MPI's first recorded user participation in this particular
5  swarm was on April 3, 2012 at 1:10 p.m., and the last recorded participation was on April 6,
6  2012 at 2:46 a.m. (Dkt. No. 4-1 at ¶ 17.) MPI alleges Doe One served as an uploader of the pieces
7  of the file during the exact time that Does Two through Ninety-Two participated in the swarm
8  and exchanged pieces of the file. (Dkt. No. 1-1 at ¶ 24.)

Because Defendants' conduct occurred behind the mask of their anonymous IP addresses, Plaintiff cannot identify the Defendants without leave to subpoena Defendants' ISPs for the identity of the individual or entity related to each IP address. (Dkt. No. 4-1 at ¶ 19.) Plaintiff claims ISPs records times and dates they assign a particular IP address to a subscriber, which enables identification of the subscribers. (Dkt. No. 4-1 at ¶¶ 21-23.) Consequently, Plaintiff asks the Court to grant expedited discovery to issue subpoenas to the relevant ISPs to require the ISPs to disclose information sufficient to identify the Doe Defendants, including the name and address for each of Doe Defendant. (Dkt. No. 4-3 at 9.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(d)(1) requires a court order for discovery if it is requested prior to a Rule 26(f) conference between the parties. Generally, a "good cause" standard is applied to determine whether to permit such early discovery. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice of the responding party." *Id.*

To determine whether there is "good cause" to permit expedited discovery to identify anonymous Internet user doe defendants, courts consider whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is

a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*OpenMind Solutions, Inc. v. Does 1-39*, No. 11–3311, 2011 WL 4715200 *2 (N.D. Cal. Oct. 7, 2011) (citing *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578–80 (N.D. Cal. 1999)).

## DISCUSSION

### A. Plaintiff Identified the Missing Parties with Sufficient Specificity

Under the first factor, "the Court must examine whether the Plaintiff has identified the Defendants with sufficient specificity, demonstrating that each Defendant is a real person or entity who would be subjected to jurisdiction in this Court." *Pac. Century Int'l, Ltd. v. Does 1-48,* No. 11-3823, 2011 WL 4725243 *2 (N.D. Cal. Oct. 7, 2011). The Court finds that Plaintiff has met this burden.

This factor is generally satisfied when a plaintiff takes steps to ensure that the IP addresses accurately reflect addresses that were allegedly used to copy the work at issue, as well as using geo-location technology to track the IP addresses to within the state of California, thus making a prima facie showing of personal jurisdiction. *See, e.g.*, *Pac. Century Int'l, Ltd. v. Does 1-48,* No. 11-3823, 2011 WL 4725243 *2 (N.D. Cal. Oct. 7, 2011) (finding that plaintiff identified the doe defendants with sufficient specificity when relying on forensic software to identify the defendants' IP addresses on the date and time of the alleged infringing activity and geo-location technology to trace the IP addresses to within the state of California); *Braun v. Does 2-69,* No. 12-3690, 2012 WL 3627640 *2 (N.D. Cal. Aug. 21, 2012) (finding that plaintiff identified doe defendants with sufficient specificity because the plaintiff took steps to ensure that the IP addresses accurately reflected addresses that were used to copy plaintiff's copyrighted work and the plaintiff used geo-location technology to trace the IP addresses of each doe defendant to California); *Pink Lotus Entm't v. Does 1-46*, No. 11-2263, 2011 WL 2470986 *3 (N.D. Cal. Jun. 21, 2011) (finding that the plaintiff met its burden to sufficiently identify doe defendants by identifying the unique IP address of each doe defendant and tracing the IP address to California using geo-location technology).

First, Plaintiff represents that he has taken steps to ensure that the IP addresses accurately reflect addresses that were used to copy Plaintiff's copyrighted work. MPI observed

and documented the IP addresses that participated in the alleged infringing activity of Plaintiff's work. (Dkt. No. 4-1 at ¶ 16.) Second, Plaintiff represents that he used geo-location technology to trace the IP address of each Doe Defendant to California; in other words, Plaintiff has made a prima facie showing of personal jurisdiction over each Doe Defendant. (Dkt. No. 4-1 at ¶¶ 27-30.)

**B. Previous Steps Taken to Identify the Doe Defendants**

Under the second factor, a plaintiff must identify all previous steps taken to locate the doe defendants. *Columbia Ins. Co.*,185 F.R.D. at 579. "This element is aimed at ensuring that plaintiffs make a good faith effort to comply with the requirements of service of process and specifically identifying defendants." *Id.*

Plaintiff used the services of MPI and identified the IP address used by each Doe Defendant for the alleged infringing activity, as well as the geo-location associated with each IP address. (Dkt. No. 4 at 7.) As the Doe Defendants accessed Plaintiff's video via the Internet without leaving any identifying information other than their unique IP addresses, Plaintiff is unable to further identify the Defendants without information from the ISPs. (Dkt. No. 4-1 at ¶ 19.)

**C. Withstanding a Motion to Dismiss**

Under the third factor, a plaintiff should establish to the court's satisfaction that plaintiff's suit against defendant could withstand a motion to dismiss. *Columbia Ins. Co.*, 185 F.R.D. at 579. "A conclusory pleading will never be sufficient to satisfy this element." *Id.* Thus, Plaintiff must make some showing that "an act giving rise to civil liability actually occurred and that the discovery is aimed at revealing specific identifying features of the person or entity who committed that act." *Id.* at 580. This factor is generally satisfied if the plaintiff alleges sufficient facts to withstand a motion to dismiss on at least one of plaintiff's claims. *See*, *e.g., Liberty Media Holdings, LLC v. Does 1-62*, No. 11-575, 2011 WL 1869923 *4 (S.D. Cal. May 12, 2011) (finding that the plaintiff pled sufficient facts for at least one claim to withstand a motion to dismiss).

Plaintiff alleges copyright infringement and contributory copyright infringement in this action. (Dkt. No. 1-1.) To prevail on its copyright infringement claim, Plaintiff must prove that (1) it owns a valid copyright, and (2) each defendant copied a work covered by the copyright. *Online Policy Grp. v. Diebold, Inc.*, 337 F.Supp.2d 1195, 1199 (N.D. Cal. 2004). "To be liable for direct infringement, one must actively engage in and directly cause the copying." *Id.* (internal quotation marks and citation omitted). Plaintiff alleges that his company is a co-claimant of the copyright for the Motion Picture at issue. Plaintiff also alleges that each Doe Defendant in this action infringed on Plaintiff's copyrighted work by participating in the same BitTorrent swarm. This is a sufficient showing that Plaintiff's copyright infringement claim would withstand a motion to dismiss.

Plaintiff has also made a prima facie showing that the Complaint would withstand a motion to dismiss for lack of personal jurisdiction. Plaintiff traced the IP addresses participating in the alleged infringing activity to the state of California, making a prima facie showing of personal jurisdiction.

Another issue frequently addressed by courts in these cases is whether the Doe Defendants are properly joined. Rule 20 permits joinder of defendants in a single action if a right to relief is asserted against them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and a "question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "The impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *see also, League to Save Lake Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1997) (stating that the "primary purpose" of Rule 20 "is to promote trial convenience and to prevent multiple lawsuits"). Further, Rule 21 provides that "misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Plaintiff asserts that the Doe Defendants are properly joined because all of the Doe Defendants were part of the same swarm downloading and distributing the same file of Plaintiff's copyright work during a limited sixty-one hour period of time. (Dkt. No. 4 at 16-17.) Further, Plaintiff claims joinder is proper because Plaintiff tracked and recorded a specific defendant's activity which made the remaining Doe Defendants' alleged infringing activity possible. (Dkt. No. 4 at 17-18.) Plaintiff contends this theory contrasts with other cases where plaintiffs merely alleged there was proper joinder because each defendant participated in a swarm at a single point in time (i.e., the time the alleged infringing activity was recorded). (Dkt. No. 4 at 17.)

Which and how many defendants may be properly joined in a BitTorrent P2P sharing case is not established. In some cases, courts have permitted joinder of defendants when the defendants were in the same swarm. *See, e.g., Call of the Wild Movie, LLC v. Does 1-1,062*, 770 F.Supp.2d 332, 345 (D.D.C. 2011) (finding joinder requires a logical relation: a flexible test that BitTorrent file-sharing protocol satisfies because each downloader is also an uploader of the illegally transferred files).

In other cases, mostly in this District, courts have found that the use of BitTorrent technology does not satisfy the requirements of permissive joinder. In *Diabolic Video Productions*, for example, the court rejected plaintiff's argument that the joinder requirement was satisfied merely because all defendants joined a common "swarm." *Diabolic Video Productions, Inc. v. Does 1-2099*, No. 10-5865, 2011 WL 3100404 *3 (N.D. Cal. May 31, 2011). The court held that the "mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards of joinder set forth in Rule 20." *Id.* Similarly, in *Pacific Century International*, the court found joinder improper because "the only commonality between copyright infringers of the same work is that each committed the exact same violation of the law in exactly the same way." *Pac. Century Int'l Ltd. v. Does 1-101*, No. 11-02533, 2011 WL 2690142 *4 (N.D. Cal. Jul. 8, 2011). The court thus denied expedited discovery as to all doe defendants, and granted expedited discovery only as to doe

7

1  defendant 1, while severing and dismissing the remaining does without prejudice for improper
2  joinder. *Id.*
3      The trend in this District has been to find joinder improper in P2P file sharing cases
4  where the alleged commonality is only that the defendants participated in the same swarm. *See,*
5  *e.g.*, *Third Degree Films v. Does 1-3577,* No.11-02768, 2011 WL 5374569 *3 (N.D. Cal. Nov. 4,
6  2011) (finding improper joinder where the alleged swarm lasted seven months and consisted of
7  over 3000 doe defendants); *Digital Sin, Inc. v. Does 1-5698,* No. 11-04397, 2011 WL 5362068 *3
8  (N.D. Cal. Nov. 4, 2011) (finding improper joinder where the alleged swarm lasted five months
9  and consisted of 5000 defendants). Courts within this District have also held that smaller
10 swarms could not be properly joined. *See, e.g.*, *Boy Racer, Inc. v. Does 1-60*, No. 11-01738, 2011
11 WL 3652521 *4 (N.D. Cal. Aug. 19, 2011) (holding that the nature of the BitTorrent protocol did
12 not justify joinder of the otherwise unrelated sixty doe defendants); *Hard Drive Productions,*
13 *Inc. v. Does 1-188,* 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011) (finding improper joinder where
14 close to 200 defendants were joined based on participating in the same swarm).
15     This Court has considered this issue and found that joinder was proper in two cases. *See,*
16 *e.g.*, *Braun v. Does 1 and 2-69,* No. 12-3690, 2012 WL 3627640 *3 (N.D. Cal. Aug. 21, 2012); *AF*
17 *Holdings LLC v. Does 1-96*, No. 11-3335, 2011 WL 5864174 *3-4 (N.D. Cal. Nov. 22, 2011). In
18 *Braun*, a case related to this action, Plaintiff made a sufficient showing of proper joinder where
19 there were sixty-nine does alleged to have participated in a swarm over a thirty-six hour period.
20 *Braun,* 2012 WL 3627640, at *3. Similarly, in *AF Holdings*, joinder of ninety-six doe defendants
21 who allegedly participated in the same swarm for two weeks withstood severance at the early
22 stage of the litigation. *AF Holdings LLC,* 2011 WL 5864174, at *4. On the other hand, this Court
23 has denied early discovery where the case was unmanageable due to the large number of
24 Defendants and a swarm that existed for an extended period. *See New Sensations, Inc. v. Does 1-*
25 *426*, No. 12-3800, 2012 WL 4675281 *8 (N.D. Cal. Oct. 1, 2012) (denying plaintiff's motion for
26 early discovery because it would be unmanageable to join close to 500 defendants in one suit).
27 Here, the number of Defendants is less and the alleged swarm shorter than the foregoing cases
28 in which this Court granted early discovery. Further, Plaintiff tracked the activity of the

Defendants over a sixty one-hour time period and submitted evidence that the Defendants shared the same exact file, as indicated by the identical hash tag.

Based on the foregoing, the Court concludes that Plaintiff has at least made a prima facie showing that the Doe Defendants are properly joined. *See OpenMind Solutions, Inc.*, 2011 WL 4715200, at *7 (concluding that plaintiff made a preliminary showing that satisfied Rule 20 given the allegations that the thirty-nine doe defendants were present in the same BitTorrent swarm and shared pieces of the same seed file). As the case progresses, the Court may conclude that joinder is unmanageable, depending on the number of defendants served and appearing, or that, in fact, the claims do not arise from the same transaction and occurrence.

### D.    Likelihood of Identifying the Doe Defendants Through Discovery

The final factor concerns whether the discovery sought will uncover the identities of the Doe Defendants. *See Gillespie v. Civiletti*, 629 F.2d 639, 642-43 (9th Cir. 1980) (stating that early discovery to identify doe defendants should be allowed "unless it is clear that discovery would not uncover the identities"); *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (holding that "the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities").

Here, this is a multi-step process. ISPs assign a unique IP address to each subscriber and retain subscriber activity records regarding the IP addresses assigned; thus, the information subpoenaed will reveal the name and contact information of the subscriber to the Internet connection that was used to download the copyrighted work, but it will not reveal who actually downloaded the work and therefore who can be named as a defendant. The Internet connection could have been used by the subscriber, by another member of the household, by a visitor to the household, or by someone secretly using an unsecure connection.

Plaintiff has proposed the following safeguards to protect the due process rights of these subscribers. These measures include requiring ISPs to provide subscribers with a thirty-day notice prior to releasing their information to Plaintiff's counsel, as well as requiring the ISPs to provide each subscriber a notice informing the subscriber of his or her rights, including their right to file a motion to quash the subpoena. (Dkt. No. 4 at 29.)

1  Given the foregoing, the Court concludes it is not clear the requested early discovery, 2 namely the subpoenas to the ISPs, will not lead to the discovery of the identities of the Doe 3 Defendants. The Court recognizes that before granting such discovery it must weigh any 4 prejudice to the responding party. In these circumstances, where Plaintiff has a good faith belief 5 that the Doe Defendants reside in California, has submitted declarations outlining the steps it 6 has taken to ensure that the identified Doe Defendants in fact downloaded Plaintiff's 7 copyrighted material, and has limited its case to a narrow period of time, the Court concludes 8 that good cause has been shown.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Ex Parte Application for Expedited Discovery (Dkt. No. 4) as follows:

Plaintiff may serve immediate discovery on Does 1–92's ISPs listed in Exhibit A to the Declaration of Michael Eichner (Dkt. No. 4-1) by serving a Rule 45 subpoena that seeks information sufficient to identify the Doe Defendants: the names and addresses of Does 1-92. Plaintiff's counsel shall issue the subpoena and attach a copy of this Order.

Each ISP will have 20 days from the date of service upon it to serve Does 1-92 with a copy of the subpoena and a copy of this Order. The ISPs may serve the Doe Defendants using any reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

Does 1-92 shall have 30 days from the date of service upon him, her, or it to file any motions in this Court contesting the subpoena (including a motion to quash or modify the subpoena). If that 30–day period lapses without Does 1-92 contesting the subpoena, the ISP shall have 14 days to produce the information responsive to the subpoena to Plaintiff.

Because the subpoena requires only the production of documents, records, and the like but not the appearance of a person for a deposition, the witness and mileage fees required by Rule 45(b)(1) of the Federal Rules of Civil Procedure do not apply, and no such fees need be tendered.

1 The subpoenaed entity shall preserve all subpoenaed information pending the delivery 2 of this information to Plaintiff or the final resolution of a timely filed and granted motion to 3 quash the subpoena with respect to such information.

4 Any information disclosed to Plaintiff in response to a subpoena may be used by Plaintiff 5 solely for the purpose of protecting its rights under the Copyright Act, 17 U.S.C. §§ 101–1322.

6 Plaintiff shall serve each Doe Defendant with the summons, complaint, and other 7 documents required by Civil Local Rule 4-2 within 120 days of learning that Doe's identity.

8 Should Plaintiff engage in settlement negotiations with any Doe Defendant, it shall not 9 assert that that Doe is being sued in San Francisco, unless Plaintiff believes that Doe to be a 10 resident of this District or has a good faith belief, consistent with Federal Rule of Civil 11 Procedure 11(b), that it can otherwise establish personal jurisdiction over that Doe in this 12 District.

13 **IT IS SO ORDERED.**

15 Dated: October 23, 2012

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE